GENEVA WATER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89249. Promulgated March 31, 1938.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.

*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

SMITH: The questions for our determination are whether the petitioner is a tax-exempt organization either within the meaning of section 103 (14) of the Revenue Act of 1932 (appearing as section 101 (14) of the Revenue Act of 1934), or on the broad constitutional grounds that Federal taxes can not be imposed upon a state instrumentality, and, if the petitioner is not entitled to an exempt status, whether a portion of its income is exempt from taxation under the provisions of section 116 (d) of the Revenue Acts of 1932 and 1934. The petitioner has made no protest against the imposition of the penalty for failure to file returns. The sections of the statutes referred to read in material part as follows:

SEC. 103. EXEMPTIONS FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this title—

*     *     *     *     *     *     *

(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title.

SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this title:

*     *     *     *     *     *     *

(d) INCOME OF STATES, MUNICIPALITIES, ETC.—Income derived from any public utility or the exercise of any essential governmental function and accruing to any State, Territory, or the District of Columbia, or any political subdivision of a State, or Territory, or income accruing to the government of any possession of the United States, or any political subdivision thereof.

In *Decatur Water Supply Co.* v. *Commissioner* (C. C. A., 7th Cir.), 88 Fed. (2d) 341, the court held, reversing 34 B. T. A. 290, that a corporation which was organized for the same purpose and in substantially the same manner as the petitioner and whose functions were but little different from those of the petitioner, was an instrumentality of the State of Illinois and that the amounts paid to it by the city of Decatur, Illinois, out of the water rents collected by the

city were not income to the company and were not subject to Federal income tax. In its opinion the court said:

It is thus seen that the corporate entity (the taxpayer) was but an instrumentality adopted by the City of Decatur for the accomplishment of a specific purpose. As a means of raising necessary funds, citizens subscribed to the company's stock, thus creating a fund for the acquisition of the property required by the city. The city in effect pledged its water revenue for the repayment of this capital by agreeing that all over operating expenses be set up in a special fund, ninety per cent of which was paid to the company. The company in turn was obligated by its charter provisions and by its contract to apply its percentage of this fund (after payment of expenses and 7% dividends on preferred stock) to the retirement of its preferred stock at par. From the time of its receipt such fund was earmarked for a single purpose—the return of capital to its preferred stockholders. The company could not and did not profit by its receipt, but in effect it acted as an agency for restoring to the investors the corpus of their investment. To the extent that seven per cent dividends were paid, a taxable income is conceded, but it is difficult to see how this restoration of capital can equitably be said to be a taxable income of the company.

\*       \*       \*       \*       \*       \*       \*

\* \* \* How can it be said in the instant case that the Company has received anything for its use and benefit? The money received was for the use and benefit of those who had furnished the capital—the preferred stockholders. The charter and contract set up a barrier to its use otherwise. The Company had no freedom of disposal, but its disposition was limited to a very narrow channel; rather do we think it fairer to say that such sums were at the predetermined disposal of the city. Such funds had no exchangeable value because of the restrictions attaching to their receipt. The company was not enriched by their receipt either in fact or on its books. When it reduced its stock liability by the return of such funds to stockholders, it also reduced by that same amount its future right to receive the capital investment made for the city. To state it in another way the city gained by such payments an additional equity of equal amount in the property it had optioned from the company and which the company later transferred to it. With each payment to the company, thus earmarked for its stockholders, the city built up an additional equity in the property in ratio to the sums paid. Carried to its ultimate consummation it meant the return in full of the funds advanced by the preferred stockholders and the acquisition, unrestricted by the city, of the property which those funds purchased—a simple transfer of the property purchased to the municipality, without profit to the company, and in full compliance with the letter and spirit of the charter and contract.

The respondent attempts to distinguish the instant case from *Decatur Water Supply Co.* v. *Commissioner, supra*, on the facts, but obviously the distinction, if any, is superficial. The facts as well as the questions of law presented are substantially the same in both cases. The petitioner had no taxable income for the years 1932, 1933, and 1934.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

Sternhagen, Murdock, Leech, and Mellott dissent.